MEMORANDUM ***
Plaintiff TASER International, Inc., sued Defendant Bestex Company, Inc, which answered and filed a counterclaim. Defendant moved for summary judgment on the claims against it, and Plaintiff moved for summary judgment on Defendant’s counterclaim. The district court denied Defendant’s request for a continuance under Federal Rule of Civil Procedure 56(f) to conduct additional discovery. Then the court granted both parties’ motions for summary judgment as to the claims against them. Defendant timely appeals from the resulting judgment, arguing only that the court erred in denying its request for a continuance.
We review for abuse of discretion, Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 630 (9th Cir.2005), and find none.
Defendant failed to make a motion pursuant to Rule 56(f); instead, it mentioned a desire for a continuance in one sentence of its opposition to Plaintiffs motion for summary judgment, supported by one conclusory sentence in a declaration. That procedure is insufficient. See Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986) (“References in memoranda and declarations to a need for discovery do not qualify as motions under Rule 56(f).”).
Additionally, Defendant failed to set forth the particular facts expected from further discovery, California v. Campbell, 138 F.3d 772, 779 (9th Cir.1998), and failed to show that, without the continuance, it could not present facts essential to justify its opposition, Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416 (9th Cir.1987).
Finally, Defendant failed to act diligently in obtaining discovery before asking for a continuance. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir.1997) (holding that the district court acts within its discretion to deny further discovery if the movant failed to pursue discovery diligently in the past). Defendant had a full discovery period, plus additional time that Plaintiff had requested and Defendant had agreed to.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.